**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

WENDY LYNN CORBEAU

        Plaintiff,

vs.                                                     Case No. 2:17-cv-176-FtM-JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,
        Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Wendy Lynn Corbeau ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB") for a closed period of disability. Plaintiff's alleged inability to work is a result of a "broken left arm with bicep[] tears," "arthritis," and being limited to lifting four pounds. Transcript of Administrative Proceedings (Doc. No. 19; "Tr." or "administrative transcript"), filed June 26, 2017, at 55, 69, 164. On August 26, 2013, Plaintiff filed an application for DIB, alleging an onset disability date of January 26, 2013. Tr. at 137-40. Plaintiff's application was denied initially, see Tr. at 55-66, 67, 85, 86-88, and was denied upon reconsideration, see Tr. at 68-83, 84, 90-91, 92.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 20), filed June 26, 2017; Reference Order (Doc. No. 21), entered June 26, 2017.

On October 21, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 31-54. Plaintiff was fifty-one (51) years old. Tr. at 36. At the hearing, Plaintiff's counsel advised the ALJ that Plaintiff had returned to work sometime in July 2014, and agreed that the ALJ should consider whether Plaintiff was disabled during a "closed period" of disability from the alleged onset date of January 26, 2013 through July 1, 2014. Tr. at 35.

The ALJ issued a Decision on December 8, 2015, finding Plaintiff not disabled from January 26, 2013 through June 30, 2014. Tr. at 10-21. Plaintiff requested that the Appeals Council review the ALJ's Decision. Tr. at 30. The Appeals Council then received additional evidence in the form of a brief authored by Plaintiff's representative. Tr. at 4-5; see Tr. at 228-29 (brief). On November 29, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 26, 2017, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff makes three arguments on appeal: "[t]his Court should find that Listing 1.07, pertaining to non-union of upper extremity fractures, is met in this case"; "[t]he ALJ's RFC assessment is not supported by substantial evidence as (1) it fails to incorporate the limitations found by Dr. Wilkins and (2) fail[s] to consider any evidence after July 1, 2014"; and Defendant "failed to sustain her burden of establishing that there was other work in the national economy that [Plaintiff] could perform." Plaintiff's Brief (Doc. No. 25; "Pl.'s Br."), filed September 27, 2017, at 1, 15-24. On November 29, 2017, Defendant filed a Memorandum

in Support of the Commissioner's Decision (Doc. No. 28; "Def.'s Mem.") addressing Plaintiff's arguments. Then, with leave of Court, see Order (Doc. No. 30), Plaintiff on January 2, 2018 filed a Reply Brief (Doc. No. 31; "Reply").

Addressing Plaintiff's first argument, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for consideration of whether Plaintiff met or medically equaled Listing 1.07 during the closed alleged period of disability. Because the matter is due to be reversed and remanded and because the ALJ's consideration of Listing 1.07 may have an impact on the factual findings at which arguments two and three are aimed, arguments two and three are not substantively addressed herein. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920[3]; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 12-21. At step one, the ALJ determined that Plaintiff "was not engaged in substantial gainful activity from January 26, 2013 through June 30, 2014, the alleged closed period of disability." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that "[f]rom January 26, 2013 through June 30, 2014, [Plaintiff] had the following severe impairments: left upper extremity fracture and herniated lumbar disc." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (the "Listing(s)"). Tr. at 14 (emphasis and citation omitted).

The ALJ determined that "during the alleged closed period of disability," Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform light work . . . except that she was limited to lifting twenty pounds occasionally and ten pounds frequently primarily with her dominant right upper extremity, but she was able to use her left upper extremity as a helper to guide and move objects. She could sit, stand and walk for six hours each in an eight-hour workday; could frequently climb ramps and stairs with the use of a single handrail; could never climb ladders, ropes, or scaffolds; could frequently balance, stoop, kneel, crouch and crawl; could occasionally finger and keyboard with the left non-dominant upper extremity;

---

[3] All references to the Regulations are to the versions in effect in 2015 (the year of the final decision) unless otherwise noted.

>and would have to avoid all exposure to hazardous machinery and heights, as well as traversing on uneven surfaces.

Tr. at 15 (emphasis omitted). At step four, the ALJ found that during the alleged closed period of disability, Plaintiff was "unable to perform any past relevant work" as "an LPN/nurse supervisor." Tr. at 19 (some emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age (forty-nine (49) years old on the alleged onset date), education ("at least a high school education"), work experience, and RFC, and the ALJ determined that for the closed period, "there [were] jobs that exist[ed] in significant numbers in the national economy that [Plaintiff could have] perform[ed]." Tr. at 20 (emphasis and citation omitted). Relying on the testimony of the VE, the ALJ identified as representative jobs a "Greeter" and a "Router." Tr. at 21. The ALJ concluded that Plaintiff "was not under a disability . . . from January 26, 2013, through June 30, 2014." Tr. at 21 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire

record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

Plaintiff argues that during the alleged closed period of disability, she met Listing 1.07, and the ALJ erred in failing to even address whether this Listing was met or medically equaled. Pl.'s Br. at 15-20; Reply at 1-3. According to Plaintiff, the proper course is to "remand . . . with instructions to find that Listing 1.07 is met in this case." Pl.'s Br. at 15-16. Responding, Defendant argues substantively that Plaintiff did not meet or medically equal the Listing, but Defendant does not address the ALJ's failure in the first instance to discuss it. Def.'s Mem. at 5-9.

The burden rests on the claimant at the administrative level to prove the existence of a Listing-level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; Wilson, 284 F.3d at 1224. "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and

citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted).

Listing 1.07 requires:

> Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.07. Being "under continuing surgical management" is described in relevant part as:

> [S]urgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part. It may include such factors as post-surgical procedures, surgical complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy.

Id. § 1.00(M).

Here, one of the state agency medical consultants found that the relevant listing to consider regarding Plaintiff's upper extremity fracture was Listing 1.07.[4] Tr. at 60. In addition, Plaintiff's counsel wrote a pre-hearing brief to the ALJ in which counsel asked the ALJ to "[p]lease consider Sections 1.02, 1.04, 1.07, and 12.04." Tr. at 226. The ALJ, however, inexplicably did not consider Listing 1.07. Instead, the ALJ wrote: "The undersigned has considered the following applicable listings: 1.02 (major dysfunction of a joint due to any cause) and 1.04 (disorders of the spine)." Tr. at 14. The ALJ went on to analyze those particular listings and ultimately found that Plaintiff did not meet or medically

---

[4] This particular consultant, Carol Eckert, M.D., also found that Listing 1.07 was not met. See Tr. at 55-65 (initial level finding of not disabled based in part upon Dr. Eckert's opinion).

equal a listing. Tr. at 14. In finding Listing 1.02 was not met, the ALJ rested on Plaintiff having "an impairment of just one upper extremity" rather than both as required by that listing. Tr. at 14. Thus, it is clear the ALJ did not consider whether the particular requirements of Listing 1.07 were met.

Admittedly, Listing 1.07 requires "continuing surgical management," and it is undisputed that Plaintiff did not have surgery on the fracture to her left arm. Given the broad definition of that phrase outlined above, however, the ALJ at least should have considered whether Plaintiff met or medically equaled this Listing. Reversal and remand is required. See, e.g., Jones v. Colvin, No. 7:15-CV-18-D, 2016 WL 3571468, at *4 (E.D.N.C. June 8, 2016) (unpublished) (remanding when the ALJ addressed Listing 1.07 but failed to adequately address whether the "continuing surgical management" requirement was met). To the extent Plaintiff seeks for this Court to instruct the ALJ on remand to find that Listing 1.07 was met, for the foregoing reasons, the Court declines to do so.

## V. Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A) Consider whether Listing 1.07 was met or medically equaled;

    (B) Ensure Plaintiff's other issues raised in this appeal are appropriately addressed, if necessary; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 10, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record